Ben Coates Executive Director Kansas Sentencing Commission Jayhawk Tower — Suite 501 700 Jackson Topeka, Kansas 66603-3731
Dear Mr. Coates:
As executive director of the Kansas sentencing commission, you ask our opinion regarding whether court services officers or community corrections officers have the authority to restrict the liberty of clients under their supervision. You inform us that examples of such restrictions would be use of residential centers, house arrest, electronic monitoring, work release or jail. You also ask, if such authority does not currently exist, whether such could be defined and granted by statute.
K.S.A. 1992 Supp. 21-4603 sets forth the following authorized dispositions available to a court whenever a person has been found guilty of a crime:
 "(a) Commit the defendant to the custody of the secretary of corrections or, if confinement is for a term less than one year, to jail for the term provided by law;
(b) impose the fine applicable to the offense;
 (c) release the defendant on probation subject to such conditions as the court may deem appropriate, including orders requiring full or partial restitution. In felony cases, the court may include confinement in a county jail not to exceed 60 days, which need not be served consecutively, as a condition of probation;
 (d) suspend the imposition of the sentence subject to such conditions as the court may deem appropriate, including orders requiring full or partial restitution. In felony cases, the court may include confinement in a county jail not to exceed 60 days, which need not be served consecutively, as a condition of suspension of sentence;
 (e) assign the defendant to a community correctional services program subject to such conditions as the court may deem appropriate, including orders requiring full or partial restitution;
 (f) assign the defendant to a conservation camp for a period not to exceed 180 days;
 (g) assign the defendant to a house arrest program pursuant to K.S.A. 21-4603b and amendments thereto;
 (h) order the defendant to attend and satisfactorily complete an alcohol or drug education or training program as provided by subsection (3) of K.S.A. 21-4502
and amendments thereto; or
 (i) impose any appropriate combinations of (a), (b), (c), (d), (e), (f), (g) or (h).
In addition to or in lieu of any of the above, the court shall order
the defendant to submit to and complete an alcohol and drug evaluation, and pay a fee thereof, when required by subsection (4) of K.S.A. 21-4502
and amendments thereto." K.S.A. 1992 Supp. 21-4603(2) (emphasis added).
Probation is defined within the sentencing code to mean:
 "a procedure under which a defendant, found guilty of a crime upon verdict or plea, is released by the court after imposition of sentence, without imprisonment except as provided in felony cases, subject to conditions imposed by the court and subject to the supervision of the probation service of the court. . . ." K.S.A. 1992 Supp. 21-4602(3) (emphasis added).
Suspension of sentence means:
 "a procedure under which a defendant, found guilty of a crime, upon verdict or plea, is released by the court without imposition of sentence, the release may be with or without supervision in the discretion of the court." K.S.A. 1992 Supp. 21-4602(2) (emphasis added).
A community correctional services program is defined as:
 "a program which operates under the community corrections act and to which a defendant is assigned for supervision, confinement, detention, care or treatment, subject to conditions imposed by the court. A defendant assigned to a community correctional services program shall be subject to the continuing jurisdiction of the court and in no event shall be considered to be in the custody of or under the supervision of the secretary of corrections." K.S.A. 1992 Supp. 21-4602(6) (emphasis added).
K.S.A. 1992 Supp. 21-4610(3) sets forth permissive conditions of probation, suspension of sentence or assignment to a community correctional services program which a court may impose; subsection (4) of that statute establishes mandatory conditions which a court is required to impose.
Subsection (2) of K.S.A. 1992 Supp. 21-4610 establishes the relationship between the court and persons who supervise defendants not sentenced to prison or jail.
 "The court services officer or community correctional services officer may recommend, and the court may order, the imposition of any conditions of probation, suspension of sentence or assignment to a community correctional services program. The court may at any time order the modification of such condition, after notice to the court services officer or community correctional services officer and any opportunity of such officer to be heard thereon. . . ."
From the foregoing review of applicable sentencing statutes it is clear that the court alone has legal authority to impose specified conditions of probation, suspension of sentence or assignment to a community correctional program. Accordingly, in response to your question we conclude that neither court services officers nor community correctional officers have legal authority to further restrict the liberty of probationers or community correctional participants.
You next ask whether such authority could be defined and granted by statute. In our opinion a statute which granted unilateral authority to a court services officer or a community corrections officer to restrict the liberty of an individual in derogation of a court order would run afoul of basic due process considerations. See Morrisey v. Brewer,408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972) (loss of liberty entailed in parole revocation is serious deprivation requiring that parolee be accorded due process) and Gagnon v. Scarpelli, 411 U.S. 778,93 S.Ct. 1756, 36 L.Ed.2d 656 (1973) (probationer entitled to due process in probation revocation hearing). In both Morrisey and Gagnon the process which the court held to be due was the right to a hearing prior to final revocation decision. In our opinion, deprivation of a liberty interest, even if such did not amount to complete revocation of probation, would nevertheless trigger fundamental due process rights. Consequently, in our opinion the type of statute which you contemplate would violate the due process clause of the United States constitution.
In conclusion, pursuant to the Kansas sentencing code neither court services officers nor community corrections officers have authority to unilaterally restrict the liberty of clients under their supervision. A statute which would purport to grant such authority to court services officers or community corrections officers without the benefit of a hearing would violate due process rights guaranteed under the fourteenth
amendment to the United States constitution.
Very truly yours,
Office of the Attorney General
ROBERT T. STEPHAN
 Camille Nohe Assistant Attorney General
RTS:JLM:CN:bas